WATKINS, Judge.
The present action arises out of two traffic accidents in which plaintiff, Lee John Breaux, was involved. Both accidents occurred at the Exxon plant in East Baton Rouge Parish while Breaux was in the course and scope of his employment with Service Painting Company of Beaumont, for which he was a foreman. The first accident occurred August 13, 1981, and the second accident occurred April 6, 1983. The trial took place April 2, 1985, at which time Breaux was 67 years of age.
Breaux filed a separate suit for injuries arising from each of the two accidents. In the suit arising from the August 13, 1981 accident (“the first accident”) Breaux named as parties defendant Exxon Corporation, Charles “Chuck” White, driver of the vehicle that Breaux struck, and Partex Construction, Inc., which was alleged to have failed to have replaced a stop sign at the intersection at the Exxon plant where the accident occurred. In the suit arising from the April 6, 1983 accident (“the second accident”) Breaux sought worker’s compensation from his employer, Service Painting, and from St. Paul Fire and Marine Insurance Company, Service Painting’s worker’s compensation insurer. Also, in the suit arising from the second accident Breaux sought damages for personal injury from Exxon. In the second accident Exxon admitted fault.
The trial court found no worker’s compensation was due, that Breaux was 30% negligent and defendant Exxon 70% negligent in the first accident, and that Breaux was entitled to general damages in the sum of $10,000.00 for injuries arising from the first accident,[1] and $15,000.00 for injuries arising from the second accident, as well as medical expenses of $1,941.14. Further, in an intervention filed by St. Paul against Exxon, the trial court awarded $3,900.00 and held no further worker’s compensation was due. Exxon was directed to pay all costs in both suits. From this judgment, plaintiff appealed and Exxon answered the appeal as to court costs.
The first accident occurred at the Exxon plant when a vehicle driven by Breaux struck a vehicle driven by Charles White while White was in the course and scope of his employment with Exxon, after White had proceeded past the point of a stop sign, which had been removed, and into an intersection. It appears that White’s vehicle had almost cleared the intersection before it was struck. A new layer of asphalt had been put down at the intersection by Partex. Breaux contends that the fact that certain testimony tends to indicate Partex employees were at the intersection the day of the accident calls for application of the doctrine of res ipsa loquitur against Partex. With this contention we cannot agree, as there is no showing that Partex removed the sign, or that it was necessary for Partex to remove the stop sign to lay the asphalt, or that Partex had removed other signs at other places on the plant, or that the sign had been removed while the resurfacing of the intersection was in progress. We, therefore, find no error in the trial court’s dismissal of Partex.
We further hold that the trial court was without manifest error in finding that Breaux was 30% at fault and Exxon was 70% at fault in the first accident. White’s vehicle had almost cleared the intersection according to White’s testimony, when Breaux’s vehicle hit the White vehicle. Further, according to White, White’s vehicle came to a stop at the intersection although the stop sign was missing facing White’s direction. Breaux contends White plowed into the intersection without stopping. The situation is purely one of comparative negligence,[2] and we find the *3 trial court was not clearly wrong in finding Breaux to have been 30% at fault and Exxon 70% at fault. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978), Canter v. Koehring Company, 283 So.2d 716 (La.1973).
On the day of the accident, Breaux consulted Dr. Herschel Dean, who noted a contusion of the left shoulder and a strain of the lower back muscles. Breaux returned to work the next day. He was furnished a driver by Service Painting so that he could continue to perform his duties as foreman. In addition, on occasion the driver inspected tanks for Breaux, as Breaux was unable to climb into some tanks. Breaux continued to work until the second accident.
Breaux has consulted a host of specialists, some of whom testified by deposition. None of the physicians testified live. Basically, the physicians’ testimony is that Breaux suffered from a degenerative arthritic condition of the back, which produced symptoms for the first time as a result of the two accidents. Also, the medical testimony indicates the two accidents may have aggravated the degenerative arthritis. It is true that Dr. Robert Hanchey, a neurosurgeon of Baton Rouge, testified that Breaux suffered an hysterical reaction from the second accident, or a conversion reaction. However, he did not deny that physical or psychological injuries were real, and thus his testimony, taken in context of the testimony of the other physicians who examined Breaux, does not indicate that plaintiff is not entitled to recovery.
However, the trial court is granted “much discretion” in the award of damages. LSA-C.C. art. 1999 (new Code). We cannot find that the award of general damages made by the trial court is an abuse of the great discretion accorded the trial court in the awarding of damages. We therefore affirm that award.
The trial court awarded no sum for loss of wages. Breaux was obviously an extremely conscientious worker. However, he continued to be paid by Service Painting until the second accident, when his employment was discontinued. The second accident occurred on April 6, 1983. The date of trial was April 2, 1985. At the date of trial, Breaux was 67 years of age. That would indicate that Breaux was 65 years of age at the time the second accident occurred and his pay was discontinued.
We note with approval the following language in Lanclos v. Hartford Accident & Indemnity Co., 366 So.2d 621, 626 (La.App. 3d Cir.1978):
An award for past loss of earnings and for future loss of wages must be based on past performance and established facts. The possible increases in earnings and the possible work past age 65 must be regarded as speculation.
We therefore hold that any award of lost wages would be speculative and we find no error in the action of the trial court in denying lost wages.
The principal judgment was rendered against Exxon. Thus, Exxon was properly cast for all costs, in spite of its answer to the appeal seeking to be cast for less than all court costs.
The judgment of the trial court must be affirmed, all costs of appeal to be borne by Lee John Breaux.
AFFIRMED.
LeBLANC, J., concurs.

. A net award was made of $7,500.00 for the first accident, in view of the finding of 30% comparative negligence on the part of Breaux.

. Even if we view Exxon as custodian of a stop sign which was defective for the reason it had been removed, still liability under LSA-C.C. art. 2317 does not preclude a finding of 30% comparative negligence on the part of Breaux.